LEONARD et al. v. YOUNG.

(Court of Appeals of District of Columbia. Submitted May 19, 1919. Decided June 2, 1919.)

No. 1238, Patent Appeals.

1. PATENTS ⬤➣91(3)—INTERFERENCES—PROOF BEYOND REASONABLE DOUBT.
    Parties filing an application after patent for same invention has been issued to another must establish their priority beyond a reasonable doubt.
2. PATENTS ⬤➣91(4)—INTERFERENCE—PRIORITY—SUFFICIENCY OF EVIDENCE.
    Evidence on which the Board of Examiners in Chief, the Commissioner of Patents, and a federal District Judge had awarded priority of invention to a patentee, instead of a party filing an application after issuance of the patent, held to sustain the Commissioner's decision.

Appeal from Commissioner of Patents.

Interference proceeding in the Patent Office between Leonard A. Young and Charles H. and Harry C. Leonard From a decision of the Commissioner of Patents in favor of Young, the other parties appeal. Affirmed.

Frank E. Liverance, Jr., of Grand Rapids, Mich., for appellants.
Stuart C. Barnes, of Detroit, Mich., and J. H. Milans and C. T. Milans, both of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. This appeal is from an award of priority of invention to appellee, Young.

[1] Appellants filed their application in the Patent Office after patent had issued to Young; hence, to succeed, they must establish their case beyond a reasonable doubt. Blackstone v. Wild, 43 App. D. C. 392.

[2] The case turns upon a question of fact. While the Examiner of Interferences awarded priority to appellants, he was reversed by both the Board of Examiners in Chief and the Commissioner. On the same evidence the right of Young to priority was sustained by Judge

Sessions in·a suit brought in the United States District Court for the Western District of Michigan for the infringement of the Young design patent against the assignee of the Leonard application. Young v. Grand Rapids Refrigerator Co., decided July 11, 1918.[1] In the opinion the court said:

> "Depositions taken in an interference case in the Patent Office have been stipulated into the record and constitute the evidence upon which this question of fact must· be decided. * * * Construing this testimony most favorably to defendant, its officers had but a vague and general idea of what was desired, and did not attempt to go into the details of the design. In fact, they make no claim to the invention as a completed whole. The testimony of the superintendent of plaintiff's factory and the draftsman who made the drawings tends to sustain the contentions of plaintiff rather than those of defendant. * * * Upon the whole record, I am constrained to hold, that defendant has not sustained the burden of proof required to overcome the presumption of validity and priority of invention arising from the issuance of the patent to plaintiff."

From a careful review of the evidence, we are convinced that the decision of the Commissioner, sustained by the able opinion of Judge Sessions, is right. The decision of the Commissioner of Patents is affirmed.

Affirmed.

[1] Case pending on appeal in Circuit Court of Appeals.